| | | |
|---|---|---|
| **CHRISTINE GRIFFITH, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, DANIEL GLADNEY, MADISON GLADNEY, AND JESSIE GLADNEY** | : | **14TH JUDICIAL DISTRICT COURT** |
| VS. NO. 2020-281 | : | **PARISH OF CALCASIEU** |
| **MODULAR SECURITY SYSTEMS, INC., and FLUOR TECHNIP INTEGRATED and/or FLUOR ENTERPRISES, INC. and/or FLUOR CORPORATION, and/or TECHNIP USA, Inc., and SASOL CHEMICALS NORTH AMERICA, LLC and/or SASOL CHEMICALS (USA), LLC and/or SASOL (USA) CORPORATION** | : | **STATE OF LOUISIANA** |

FILED: JAN 17 2020

_____
DEPUTY CLERK OF COURT

CALCASIEU CLERK-COST
JAN 17 2020 PM08:06:01

## PETITION FOR DAMAGES

NOW INTO COURT through undersigned counsel comes Plaintiff, **CHRISTINE GRIFFITH**, individually, and on behalf of her minor children, **DANIEL GLADNEY, MADISON GLADNEY, and JESSIE GLADNEY**, residents of and domiciled in the Parish of Calcasieu, State of Louisiana, who respectfully petitions this court for an award of damages, for the following reasons, to-wit:

1.

Made Defendants herein are:

✓ A. **MODULAR SECURITY SYSTEMS, INC.**, an Ohio corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for the service of legal process, Robert R. Slagel, P.O. Box 284, Ironton, Ohio 45638, pursuant to the Louisiana long-arm statute, La.R.S. 13:3201; and

B. **FLUOR TECHNIP INTEGRATED**, upon information and belief, is an unincorporated joint venture of Fluor Enterprises, Inc. and/or Technip, USA Inc., which may be served through its registered agents, Corporation Service Company, 501 Louisiana Ave, Baton Rouge, Louisiana 70802, and C.T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

C. **FLUOR ENTERPRISES, INC.**, a California corporation with its principal place of business in Irving, Texas, which may be served through its registered agent for the service

**EXHIBIT 1**

of legal process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

D. **FLUOR CORPORATION**, a Delaware corporation with its principal place of business in Irving, Texas, which may be served through its registered agent for the service of legal process, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, pursuant to the Louisiana long-arm statute, La.R.S. 13:3201;

E. **TECHNIP USA, INC.**, a Delaware corporation with its principal place of business, which may be served through its registered agent for the service of legal process, C.T. Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816;

F. **SASOL CHEMICALS NORTH AMERICA, LLC** and/or **SASOL CHEMICALS (USA), LLC** and/or **SASOL (USA) CORPORATION**, a limited liability company and/or domestic corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of legal process, C.T. Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

2.

On or around August 18, 2019, at approximately 4:30 a.m., Plaintiff, **CHRISTINE GRIFFITH** was walking on the Sasol Chemical Complex premises located at or around 2201 Old Spanish Trail, Westlake, Louisiana 70669.

3.

At that time, Plaintiff was in the course and scope of her employment with Industrial Specialty Contractors, Inc. (hereinafter, "ISC").

4.

Upon completion of her shift, Plaintiff was proceeding to badge out through a turnstile and enter the parking lot area.

5.

Suddenly and without warning, **CHRISTINE GRIFFITH** fell into a large, unguarded and unbarricaded hole located on the premises.

6.

Upon information and belief, it is alleged that the turnstile and parking lot are under the garde and supervision of Defendants, **MODULAR SECURITY SYSTEMS, INC.** (hereinafter referred to as "**MSSI**"), **FLUOR TECHNIP INTEGRATED** and/or **Fluor Enterprises, Inc.**

and/or Fluor Corporation, and or Technip USA, Inc. (hereinafter collectively referred to as **"FTI"**), and **SASOL CHEMICALS NORTH AMERICA, LLC and/or SASOL CHEMICALS (USA), LLC and/or SASOL (USA) CORPORATION** (hereinafter collectively referred to as **"SASOL"**), and thus Defendants were responsible for the continued supervision, maintenance, and condition of the premises in question.

6.

On the date of the incident, Defendants owed a duty to **CHRISTINE GRIFFITH** to exercise reasonable care in protecting her from the unreasonable risk of harm posed by the hazardous condition of the premises on which she fell.

7.

The above-described fall and resultant injuries to **CHRISTINE GRIFFITH** were caused through the sole fault and negligence of Defendants, **MSSI, FTI, and SASOL,** in the following ways:

A) Failure to maintain the premises in a safe condition;

B) Allowing the premises to become unreasonably hazardous without taking precautions to safeguard the safety of employees, contracted workers, and persons on the premises;

C) Failure to warn employees, contracted workers, and other persons of unsafe conditions on the premises;

D) Failure to properly patrol and supervise the premises;

E) Failure to inspect the premises to insure against unsafe conditions;

F) Allowing the hole to remain in their parking lot and/or turnstile area(s);

G) Failure to take steps to prevent the formation of holes in their parking lot and/or turnstile area(s);

H) Failure to warn of the hole in their parking lot and/or turnstile area(s);

I) Creating the condition of the hole in the parking lot and/or turnstile area(s);

J) Failure to have any policy, procedure, or protocol in place to inspect their premises;

K) Failure to follow a proper and safe policy, procedure, or protocol when inspecting their premises;

L) Failure to provide a safe environment for Petitioner; and

M) Failure to correct the condition/hole in the area where Petitioner was walking.

8.

It is alleged on information and belief that Defendants, **MSSI, FTI, and SASOL** knew or should have known of the presence of this hole in its turnstile and/or parking lot area(s), and that its presence was substantially certain to result in injury to the plaintiff. There was inadequate

warning to **CHRISTINE GRIFFITH**, and other workers, of the presence of the hole and the severe degree of danger it presented.

9.

**MSSI, FTI, and SASOL** breached a legal duty owed to **CHRISTINE GRIFFITH**, which resulted in injuries and damages for which **MSSI, FTI, and SASOL** are jointly and solidarily liable.

10.

As a result of the above-described incident, **CHRISTINE GRIFFITH** sustained injuries to her right foot and ankle, and her body as a whole, thereby causing and/or aggravating any pre-existing condition. As a further result of the above described incident, **CHRISTINE GRIFFITH** has suffered emotionally, mentally and physically as a result of her injuries, causing past, present and future mental and physical pain and suffering, mental anguish, and emotional distress. Additionally, she has suffered loss of enjoyment of life, past, present and future all for which she is entitled to recover from the defendant in a reasonable amount to be fixed by this Honorable Court.

11.

As a result of the above-described accident, **CHRISTINE GRIFFITH** also suffered a loss of wages and a loss of earning capacity, all for which she is entitled to recover from Defendants in a reasonable amount to be fixed by this Honorable Court.

12.

Further, due to the above-referenced incident, the minor children, **DANIEL GLADNEY, MADISON GLADNEY**, and **JESSIE GLADNEY**, have suffered a loss of consortium, services, and society of their mother, **CHRISTINE GRIFFITH**.

13.

**CHRISTINE GRIFFITH** in no way contributed to the incident and had no opportunity to avoid the injuries and losses sustained, as the incident and resulting damages were caused solely, exclusively and proximately by the fault, negligence, and carelessness of **SASOL, FTI, and MSSI**.

14.

WHEREFORE, Petitioner, **CHRISTINE GRIFFITH, individually and on behalf of her minor children,** prays after due proceedings had there be judgment herein in her favor and against

Defendants, **MSSI, FTI, and SASOL**, in just and reasonable sums as prayed for herein, together with costs of Court, legal interest from the date of judicial demand until paid, and for all other relief, both general and special, in law and in equity, to which she may show herself justly entitled.

Respectfully submitted,

TOWNSLEY LAW FIRM, LLP

BY: _____
JORDYN GOODY (38239)
TODD A. TOWNSLEY (21095)
DAMON L. BEARD (30218)
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

**PLEASE SERVE** Defendants as listed in Paragraph 1 of the Petition for Damages.

A TRUE COPY
Lake Charles, Louisiana
Deputy Clerk of Court
Calcasieu Parish, Louisiana
JAN 29 2020