UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


CHRISTINE GRIFFITH                                    CASE NO.  2:20-CV-00521

VERSUS                                                JUDGE JAMES D. CAIN, JR.

MODULAR SECURITY SYSTEMS INC. ET      MAGISTRATE JUDGE KAY
AL.


MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 4] filed under Federal Rule of Civil

Procedure 12(b)(6) by defendants Sasol Chemicals North America LLC, Sasol Chemicals

(USA) LLC, and Sasol (USA) Corporation (collectively, "Sasol"). Sasol seeks dismissal

of plaintiff's claims on the grounds that it is plaintiff's statutory employer and therefore

immune from tort liability under Louisiana law. Plaintiff opposes the motion and also

opposes its conversion for summary judgment under Rule 12(d). Doc. 32.

I.
BACKGROUND

This suit arises from injuries allegedly suffered by plaintiff, who was employed by

Industrial Specialty Contractors, Inc. ("ISC"), on August 18, 2019. Plaintiff alleges that

she fell into a large, unguarded hole in the turnstile/parking lot area after badging out of

her shift at the Sasol chemical complex in Westlake, Louisiana. *See* doc. 1, att. 1, pp. 1–2.

She filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on

behalf of herself and her minor children against Sasol and other companies allegedly

responsible for the premises. *Id.* With consent of the other defendants, defendant Modular

-1-

Security Systems, Inc. removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Sasol then filed the instant motion to dismiss, which was held in abeyance while the court resolved a motion to remand filed by plaintiff.[1] Specifically, Sasol argues that it is plaintiff's statutory employer by virtue of its contract with ISC and is therefore immune to plaintiff's tort claims under the Louisiana Worker's Compensation Act. Doc. 4, att. 1. Plaintiff maintains that the motion is not cognizable under Rule 12(b)(6), because it relies on matters outside of the pleadings – namely, the contract between ISC and Sasol – and that the motion should not be converted into one for summary judgment because the parties have not had adequate opportunity to conduct discovery in this matter. Doc. 32. She also notes that intentional tort claims raised in her petition are outside the scope of this immunity. *Id.* In its reply, Sasol argues that the motion is cognizable under either Rule 12(b)(6) or Rule 56 and that plaintiff has not adequately pleaded an intentional tort exception to the broad immunity conferred under the LWCA. Doc. 35.

## II.
### LAW & APPLICATION

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the

---

[1] Plaintiff argued that removal was untimely under 28 U.S.C. § 1446(b) based on the service of the last defendant, but defendants maintained that the removal window did not begin to run until their receipt of discovery indicating that the amount in controversy exceeded $75,000 and that removal was timely under this window. *See* doc. 28. The magistrate judge agreed with defendants' arguments and recommended that the motion to remand be denied. *Id.* This court adopted the report and recommendation. Doc. 31.

plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When reviewing such a motion, the court focuses on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice as well as documents referred to in the complaint and central to the plaintiff's claims. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Pursuant to Federal Rule of Civil Procedure 12(d), a motion to dismiss filed under Rule 12(b)(6) may be converted into a motion for summary judgment under Rule 56 where it relies on matters outside of Rule 12(b)(6)'s scope, as long as the court gives the parties a "reasonable opportunity to present all the material that is pertinent to the motion." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016) (quoting Fed. R. Civ. P. 12(d)).

Sasol's motion relies on its contract with ISC, which was not attached to the complaint. Sasol maintains that the motion is nonetheless reviewable under Rule 12(b)(6) because the contract was attached to a peremptory exception filed by Sasol in the state

court and because the contractual relationship between Sasol and ISC is "necessarily invoked" by the complaint.

On Sasol's first argument, Federal Rule of Evidence 201 and Fifth Circuit precedent provide that the district court **may** take judicial notice of matters of public record, including state court proceedings. *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); *Basic Capital Mgmt. Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020). As noted above, however, the focus of Rule 12(b)(6) remains the complaint and its attachments. Sasol asserts that it attached the contract in support of its own peremptory exception of no right of action, which was pending in the state court at the time of removal. Doc. 4, att. 1, p. 4 n. 10. Accordingly, Sasol's desired expansion would allow it to incorporate evidence submitted in support of its own affirmative defenses rather than that selected by plaintiff in support of her factual allegations. The court declines to expand its review under 12(b)(6) in this manner.

On Sasol's second argument, the complaint only provides that plaintiff was employed by ISC and that she was completing a shift at Sasol's facility when she was injured on that property. There is no direct reference to the nature of plaintiff's work at the facility or how ISC employees came to be engaged there, much less any mention of rights or duties assigned under any contract with Sasol. Additionally, all of plaintiff's claims arise under state tort law rather than any breach of contract theory. Finally, while Sasol also contends that the relationship is referenced in its peremptory exception, Fifth Circuit case law makes clear that only the complaint and its attachments are to be considered in determining the proper scope. The hints in the complaint at a contractual relationship

between Sasol and ISC are too indirect to show that the contract was referenced in, let alone central to, plaintiff's complaint. Accordingly, the motion is only reviewable if the court determines that it should be converted into one for summary judgment.

As Sasol points out, courts have dismissed cases on grounds of statutory employer grounds under Rule 56. That does not mean, however, that conversion of this motion into one for summary judgment is proper. As noted above, such a conversion should only be allowed where the parties have had a reasonable opportunity to present all material that is pertinent to the motion. *Trinity Marine Prods., Inc.*, 812 F.3d at 487. This action was filed in the state court on January 17, 2020. Doc. 1, att. 1. Plaintiff maintains – and Sasol does not refute – that Sasol's peremptory exception was not filed until around April 13, 2020, at the same time Sasol responded to plaintiff's first discovery requests propounded with the complaint. Doc. 32, pp. 3–4. The action was removed to this court on April 24, 2020, and the instant motion to dismiss was filed six days later. Docs. 1, 4. Before plaintiff responded, the motion was held in abeyance while the court addressed plaintiff's motion to remand, filed on May 14, 2020. Doc. 15. After the court denied the motion to remand, it reinstated briefing deadlines on this motion on December 16, 2020. Doc. 31. The parties timely filed their response and reply over the next 28 days. Docs. 32, 35.

In the meantime, no scheduling conference has taken place. As plaintiff notes, discovery would allow her to test the authenticity and scope of the Sasol/ISC contract (which is dated from 2014, five years before plaintiff's accident). It would also allow the parties to test plaintiff's allegations that Sasol knew or should have known of the hole and the substantial certainty that it would cause injury, which the court views as sufficient to

-5-

state an intentional tort claim at this stage of the proceedings. *See* doc. 1, att. 1, pp. 2–4. The timeline of this case shows that plaintiff has not had a reasonable opportunity to conduct such discovery or present the resulting evidence, and that Sasol's motion is premature. Accordingly, the motion to dismiss will be denied.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 4] will be **DENIED**, without prejudice to any defendant's right to reassert these grounds through a Motion for Summary Judgment after adequate opportunity for discovery has passed.

**THUS DONE AND SIGNED** in Chambers on this 25th day of January, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**